FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                    )   Case No. 14-30386-B-7
                                          )
LISA J. PASHENEE,                         )   DC No. PA-3
                                          )
                                          )
            Debtor(s).                    )
_____)

**OPINION RE CLAIM OF EXEMPTION**

Before: Christopher D. Jaime
United States Bankruptcy Judge

Peter G. Macaluso, Sacramento, California, appearing for Debtor

Estela O. Pino, Sacramento, California, appearing for John Bell, Chapter 7 Trustee

JAIME, Bankruptcy Judge:

**INTRODUCTION**

Before the court is an objection by the chapter 7 trustee to an exemption claimed by the debtor. The debtor claimed an exemption for an asset described in Schedule C as a "retirement - IRA Fidelity #6486" in the amount of $380,348. The debtor claimed this IRA as exempt under California Code of Civil Procedure § 703.140(b)(10)(E), which exempts a right to a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. There are

two critical factual questions involved in determining if the exemption applies in this case: (1) the source of the right to the payment claimed as exempt and (2) the extent to which the payment claimed as exempt is reasonably necessary to support the debtor and any dependent of the debtor.

The trustee's objection to the debtor's claim of exemption raises a legal question which the court must first resolve before it can make factual determinations as to whether the elements of the California exemption statute are satisfied. And that is who bears the burden of proof as to the elements of the statute? Is the debtor required to prove the elements of California Code of Civil Procedure § 703.140(b)(10)(E) are satisfied and establish that the exemption should be allowed or is the trustee required to disprove the elements of California Code of Civil Procedure § 703.140(b)(10)(E), and in essence prove a negative, and establish that the exemption should be disallowed?

The trustee contends that the debtor, as the exemption claimant, is required to prove that the IRA is exempt under California Code of Civil Procedure § 703.140(b)(10)(E) and the extent to which that exemption should be allowed. The trustee relies on California Code of Civil Procedure § 703.580(b) which states that " . . . the exemption claimant has the burden of proof." The debtor, on the other hand, argues that the Federal Rules of Bankruptcy Procedure require the trustee, as the objecting party, to prove that the IRA is not exempt and that the exemption claimed under California Code of Civil Procedure

§ 703.140(b)(10)(E) should be disallowed. The debtor relies specifically on Federal Rule of Bankruptcy Procedure 4003(c) which states that "[i]n any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed."

Resolution of the trustee's objection turns on <u>Raleigh v. Illinois Dept. of Revenue</u>, 530 U.S. 15 (2000), in which the U.S. Supreme Court held that the burden of proof is a substantive element of a claim and, thus, in bankruptcy it remains the same as under the applicable substantive nonbankruptcy law. As explained below, the substantive nonbankruptcy law applicable in this case is California exemption law which allocates the burden of proof to the debtor as the exemption claimant.

**BACKGROUND**

The debtor commenced this chapter 7 case on October 20, 2014. On Schedule C filed with her petition, the debtor claimed the above-referenced IRA in the amount of $380,348 fully exempt under California Code of Civil Procedure § 703.140(b)(10)(E). The trustee objected to that exemption on March 12, 2015. The debtor responded to the trustee's objection and the trustee replied to the debtor's response.

The court initially heard this matter on April 14, 2015. At that initial hearing the court disposed of two additional arguments raised in the debtor's response. The court concluded that the trustee's objection was timely because it was filed

within thirty days after the 11 U.S.C. § 341(a) meeting concluded and any defects in service of the objection were waived by the debtor's response and statement in her response that no further proceedings on trustee's objection were necessary or desired.

At the initial hearing the court also indicated that it was inclined to decide the trustee's objection without an evidentiary hearing. Upon reconsideration, the court now determines that an evidentiary hearing is necessary. California Code of Civil Procedure § 703.140(b)(10)(E) is highly factual in nature. It requires evidence not only of the source of the payment claimed exempt but, also, evidence of the extent to which the payment claimed as exempt is reasonably necessary for the support of the debtor and any dependent of the debtor. The court cannot make either determination based on the record before it. Therefore, the trustee's request for an evidentiary hearing on the objection to the debtor's claim of exemption will be granted.

**JURISDICTION AND VENUE**

Federal subject-matter jurisdiction is founded on 28 U.S.C. § 1334. This matter is a core proceeding that a bankruptcy judge may hear and determine. 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). To the extent it may ever be determined to be a matter that a bankruptcy judge may not hear and determine without consent, the parties nevertheless consent to such determination by a bankruptcy judge. 28 U.S.C. § 157(c)(2). Venue is proper under 28 U.S.C. § 1409.

**DISCUSSION**

I.

At first blush the debtor's position seems logical. After all, Federal Rule of Bankruptcy Procedure 4003(c) states that the party objecting to an exemption must prove that the exemption should be disallowed and, in this case, the trustee is the objecting party. It is also not unreasonable to anticipate that federal procedural rules would govern an exemption proceeding in a federal bankruptcy case. See Tyner v. Nicholson (In re Nicholson), 435 B.R. 622, 633-34 (9th Cir. BAP 2010). And there are also are a number of cases from within this circuit that support the debtor's position. However, due to the absence of any analysis of Raleigh or California Code of Civil Procedure § 703.580(b), those authorities offer little guidance.

In Carter v. Anderson (In re Carter), 182 F.3d 1027 (9th Cir. 1999), the Ninth Circuit briefly discussed the burden of proof for an objection to a claim of exemption and cited to Federal Rule of Bankruptcy Procedure 4003(c) for the proposition that the burden is on the objecting party. Id. at 1029 n.3. The panel in Carter, however, did not analyze the burden of proof established by California Code of Civil Procedure § 703.580(b). Id. In fact, that provision of California exemption law is not cited or referenced in the opinion. Id. Carter simply assumed, without analysis, that the burden of proof is established by Federal Rule of Bankruptcy Procedure 4003(c). More important, Carter predates Raleigh.

Citing <u>Carter</u> and Federal Rule of Bankruptcy Procedure 4003(c), the BAP has also routinely allocated the burden of proof to the party objecting to a debtor's claim of exemption which, oftentimes but not always, is the trustee. See e.g., <u>Elliott v. Weil (In re Elliott)</u>, 523 B.R. 188, 192 (9th Cir. BAP 2014); <u>Calderon v. Lang (In re Calderon)</u>, 507 B.R. 724, 729 (9th Cir. BAP 2014); <u>Diener v. McBeth (In re Diener)</u>, 483 B.R. 196, 203 (9th Cir. BAP 2012); <u>Leavitt v. Alexander (In re Alexander)</u>, 472 B.R. 815, 821 (9th Cir. BAP 2012); <u>Mullen v. Hamlin (In re Hamlin)</u>, 465 B.R. 863, 869 (9th Cir. BAP 2012); <u>Hopkins v. Cerchione (In re Cerchione)</u>, 414 B.R. 540, 548-49 (9th Cir. BAP 2009). These cases are also distinguishable.

<u>Elliott</u> and <u>Diener</u> cited <u>Carter</u> and Federal Rule of Bankruptcy Procedure 4003(c) as the source of the burden of proof but they did not consider the burden of proof applicable to exemptions established under California law. They also did not refer to or cite California Code of Civil Procedure § 703.580(b) and, more important, they did not consider <u>Raleigh's</u> impact on the Federal Rules of Bankruptcy Procedure in the context of conflicting and applicable state exemption law. <u>Calderon</u> and <u>Hamlin</u> were decided under Arizona law, <u>Cerchione</u> was decided under Idaho law, and <u>Alexander</u> was decided under Nevada law. Each of those cases simply cited Federal Rule of Bankruptcy Procedure 4003(c) without any reference to the burden of proof under their respective state's law.

This court has itself expressed divergent views on the

burden of proof in an exemption objection proceeding. In re Gomez, ___ B.R. ___, 2015 WL 2152817 at *1 (Bankr. E.D. Cal. 2015), In re Dunnaway, 466 B.R. 515, 520 (Bankr. E.D. Cal. 2012), and In re Lynne, 2009 WL 9085532 at *1 (Bankr. E.D. Cal. 2009), cases in which the allocation was not at issue and, thus, neither Raleigh nor California Code of Civil Procedure § 703.580(b) were considered, cited Carter and Federal Rule of Bankruptcy Procedure 4003(c) to allocate the burden of proof to the trustee as the objecting party. In re Atmiller-Rubio, 2011 WL 10639468 (Bankr. E.D. Cal. 2011), declined to address the burden of proof issue under California law in the context of Raleigh. In re Washington, No. 14-21607 (Bankr. E.D. Cal. 2014), rejected the proposition that Raleigh altered the burden under Federal Rule of Bankruptcy Procedure 4003(c). In re Barnes, 275 B.R. 889 (Bankr. E.D. Cal. 2002), cited Raleigh and the concurring opinion in Gonzalez v. Davis (In re Davis), 323 B.R. 732 (9th Cir. 2005) (Klein, J., concurring), and suggested that Federal Rule of Bankruptcy Procedure 4003(c) may run afoul of Raleigh because the burden of proof under California Code of Civil Procedure § 703.580(b) is substantive and should govern an objection to a California exemption. Id. at 899 n.2.

For the reasons explained below, this court agrees with Barnes and the concurring opinion in Davis and concludes that, in this case, Federal Rule of Bankruptcy Procedure 4003(c) runs afoul of Raleigh. Because California law mandates the use of state exemptions, prohibits the use of federal exemptions, and

allocates the burden of proof to the exemption claimant, the court further concludes that California Code of Civil Procedure § 703.580(b) is a substantive element of a California exemption and California exemption law that must be applied inside bankruptcy the same as it would outside bankruptcy. This conclusion is required by Raleigh and reinforced by recent U.S. Supreme Court and Ninth Circuit authority. Therefore, the debtor, as the exemption claimant, bears the burden of proof which requires her to establish by a preponderance of the evidence that the $380,348 IRA claimed as exempt in Schedule C is exempt under California Code of Civil Procedure § 703.140(b)(10)(E) and the extent to which that exemption applies.

## II.

Generally, when a debtor files bankruptcy, all of the debtor's property becomes the property of the bankruptcy estate. See 11 U.S.C. § 541. Federal law, however, provides avenues for a debtor to exempt certain property. See 11 U.S.C. § 522(d). This exemption scheme can be supplanted by states that choose to provide their own menu of exemptions. 11 U.S.C. § 522(b)(2); see also Granger v. Watson (In re Granger), 754 F.2d 1490, 1492 (9th Cir. 1985) ("[A] state that has opted out has considerable freedom in creating exemptions and eligibility requirements for those exemptions.").

California has opted out of the federal exemption scheme and

provides its own bankruptcy exemptions. See 11 U.S.C. §§ 522(b) & (d); Calif. Code Civ. Proc. §§ 703.140(a) & (b). In fact, the state prohibits the use of federal exemptions and permits its debtors only the exemptions allowable under state law. California Code of Civil Procedure § 703.130 states: "Pursuant to the authority of paragraph (2) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state."

Noting that California has opted out of the federal exemption scheme and that debtors in California are limited to state law exemptions, the Ninth Circuit stated in Wolfe v. Jacobson (In re Jacobson), 676 F.3d 1193 (9th Cir. 2012), a case that concerned California's homestead exemption, that "exemptions must be determined in accordance with the state law applicable on the date of filing[.] And it is the _entire_ state law applicable on the filing date that is determinative of whether an exemption applies." Id. at 1199 (emphasis in original) (internal citation and quotations omitted). The Ninth Circuit rejected the debtor's argument that in a bankruptcy case the reinvestment requirement for homestead proceeds should be read out of California's homestead exemption law and, thus, required the debtor to turn over proceeds to the trustee that were not timely reinvested. In so doing, the court implemented its holding that the _entire_ body of the state's exemption law must be consulted and followed inside bankruptcy just as it is outside bankruptcy. Id. at 1200.

In that regard, Jacobson fits neatly with Raleigh.

In Raleigh, the debtor of a defunct corporation owed state use taxes. Raleigh, 530 U.S. at 18-19. Those taxes were not paid and the state assessed them to the debtor as the responsible corporate officer. Id. The debtor filed a chapter 7 petition and the state filed a proof of claim based on its prior assessment. Id. The trustee objected to the proof of claim on the ground that the state had not proven that the debtor was liable for the tax payment. Id. The U.S. Supreme Court rejected the trustee's argument reasoning that outside bankruptcy the corporate officer, i.e., the debtor, would have to prove that he was not the person responsible for filing returns and paying taxes. Id. at 20. Inside the bankruptcy court, the U.S. Supreme Court held that the burden still rested with the debtor, or the trustee as the representative of the debtor's estate. Id. at 20-21.

Three fundamental aspects of Raleigh govern the court's decision in this case. First, the U.S. Supreme Court recognized that the burden of proof is a "substantive aspect of a claim." Id. at 20-21 (internal quotations and citations omitted). It reaffirmed that conclusion in Medtronic, Inc. v. Mirowski Family Ventures, LLC, ___ U.S. ___, 134 S.Ct. 843, 849, 187 L. Ed. 2d 703 (2014) (citing Raleigh for the proposition that the burden of proof is substantive); see also Litton Loan Servicing v. Garvida (In re Garvida), 347 B.R. 697, 705 (9th Cir. BAP 2006) (citing Raleigh for the proposition that "[t]he burden of proof is a

substantive aspect of a claim that comprises an essential element of the claim itself."); In re Baranowski, 2014 WL 2159734 at *2 (Bankr. E.D. Cal. 2014) (citing Raleigh for the proposition that the burden of proof is a substantive aspect of a claim usually governed by state law). Second, the U.S. Supreme Court explained that when a matter in dispute is governed by substantive nonbankruptcy law, the burden of proof is dictated by that same nonbankruptcy law. Id. at 26. In other words, and in the words of the U.S. Supreme Court's unambiguous holding, "bankruptcy does not alter the burden of proof imposed by substantive law." Id. at 17. And third, because the burden of proof is substantive and not procedural, the U.S. Supreme Court further explained that in the absence of modification expressed in the Bankruptcy Code itself, the burden of proof in bankruptcy remains where the substantive nonbankruptcy law puts it. Id. at 22, 26.

Admittedly, Raleigh was a state tax liability case that arose in the context of a claim objection and this case involves an objection to a state law exemption. Some courts have relied on that distinction to find that Raleigh does not alter the burden of proof under Federal Rule of Bankruptcy Procedure 4003(c). See Nicholson, 435 B.R. at 633-34. This court is not persuaded by that distinction for several reasons.

The courts that view Raleigh as limited to a tax or claim objection case also seize upon Raleigh's language that "Congress may do what it likes with entitlements in bankruptcy" to justify the allocation of the burden of proof in Federal Rule of Bankruptcy Procedure 4003(c) to the objecting party. See

- 11 -

Nicholson, 435 B.R. at 633 (citing Raleigh, 503 U.S. at 21). That, however, overlooks Raleigh's other language that the burden of proof is a substantive element of a claim that only Congress may alter in the Bankruptcy Code. Raleigh, 503 U.S. at 22, 26. Indeed, Congress itself has said as much in the rules enabling act which states that the Federal Rules of Bankruptcy Procedure "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075.

And while it is true that Raleigh involved taxes and this case involves exemptions, both cases nevertheless involve substantive elements of state law. As the taxes and the burden of proof that went with those taxes in Raleigh were created and governed entirely by Illinois law, the exemption and the burden of proof that goes with it in this case are created and governed entirely by California law (to the complete exclusion of federal law nonetheless). And as we now know from Law v. Siegel, 571 U.S. ___, 134 S. Ct. 1188, 1196-97, 188 L. Ed. 2d 146 (2014), "[i]t is of course true that when a debtor claims a state-created exemption, the exemption's scope is determined by state law" (emphasis in original). See also Simpson v. Burkart (In re Simpson), 557 F.3d 1010, 1014 (9th Cir. 2009) ("California law governs substantive issues regarding claimed exemptions.").

Raleigh and Jacobson leave the court with no doubt that the burden of proof in California Code of Civil Procedure § 703.580(b) is a substantive element of a California exemption. It is not altered by, and is in fact authorized under, the Bankruptcy Code. And it is a part of the entire body of

California exemption law that must be applied inside bankruptcy as it would outside bankruptcy. Therefore, the court holds that, notwithstanding Federal Rule of Bankruptcy Procedure 4003(c), California Code of Civil Procedure § 703.580(b) requires the debtor, as the exemption claimant, to prove by a preponderance of the evidence that the $380,348 IRA claimed as exempt in Schedule C is exempt under California Code of Civil Procedure § 703.140(b)(10)(E) and the extent of that exemption.

**CONCLUSION**

Based on the foregoing, the court allocates the burden of proof, both production and persuasion, to the debtor in this exemption objection proceeding.

The court will issue a separate order setting further proceedings consistent with this opinion.

Dated: June 8, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE

Case 14-30386 Filed 06/08/15 Doc 70

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Peter G. Macaluso
7230 South Land Park Drive #127
Sacramento CA 95831

Estela O. Pino
800 Howe Ave #420
Sacramento CA 95825